Gonsalves v Biondo (2020 NY Slip Op 51431(U))

[*1]

Gonsalves v Biondo

2020 NY Slip Op 51431(U) [69 Misc 3d 147(A)]

Decided on November 20, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 20, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2019-773 K C

Karen S. Gonsalves, Respondent,
against
Dr. Ronald Biondo, Appellant. 

Dr. Ronald Biondo, appellant pro se.
Karen S. Gonsalves, respondent pro se.

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Sandra
E. Roper, J.), entered April 18, 2019. The judgment, after a nonjury trial, awarded plaintiff the
principal sum of $5,000.

ORDERED that the judgment is reversed, without costs, and the matter is remitted to the
Civil Court for the entry of a judgment dismissing the action.
In this small claims action, plaintiff seeks to recover damages arising out of a dental implant
surgery performed by defendant, which surgery allegedly was a failure. Following a nonjury trial,
the Civil Court entered a judgment in favor of plaintiff, awarding her the principal sum of
$5,000.
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125 [2000]).
"The plaintiff in a dental malpractice action must establish that the defendant departed from
good and accepted dental practice and that such departure was a proximate cause of the plaintiff's
injuries" (Cohen v Kalman, 54
AD3d 307, 307 [2008]; see Knutson v Sand, 282 AD2d 42, 43 [2001]). Although
small claims courts are held to a more relaxed standard concerning certain statutory rules of
evidence (see CCA 1804), a plaintiff in a small claims action for dental malpractice
generally must establish the elements of malpractice through expert testimony (see Shalamova v Pinksy, 56 Misc 3d
128[A], 2017 NY Slip Op 50823[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2017]; Cava v Fox, 22 Misc 3d
132[A], 2008 NY Slip Op 52648 [U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008];
Blum v Yuabov, 12 Misc 3d
139[A], 2006 NY [*2]Slip Op 51333[U] [App Term, 2d
Dept, 2d & 11th Jud Dists 2006]; Davis v Levine, 4 Misc 3d 143[A], 2004 NY Slip Op 51101[U]
[App Term, 2d Dept, 2d & 11th Jud Dists 2004]). Here, inasmuch as plaintiff failed to offer
any expert testimony showing that defendant departed from the requisite standard of dental
practice in performing the dental implant surgery on plaintiff and that any such departure was a
proximate cause of her injuries, plaintiff did not establish by competent evidence that defendant
was liable for dental malpractice (see
Hamill v Great Expressions Dental, 62 Misc 3d 129[A], 2018 NY Slip Op 51880[U]
[App Term, 2d Dept, 9th & 10th Jud Dists 2018]; Shalamova v Pinksy, 56 Misc 3d 128[A], 2017 NY Slip Op
50823[U]; Agaeva v Bay Ridge Dental
Group, P.C., 48 Misc 3d 126[A], 2015 NY Slip Op 50908[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2015]; Blum
v Yuabov, 12 Misc 3d 139[A], 2006 NY Slip Op 51333[U]).
To the extent that plaintiff asserts a cause of action for breach of contract, plaintiff testified
that defendant had assured her that defendant would "reimburse [plaintiff] if [the surgery]
fail[ed]." However, as the defendant performed the dental implant surgery and as plaintiff
provided no competent proof—especially expert testimony—that her subsequent
problems would constitute the surgery being deemed a failure, plaintiff failed to establish that
defendant had breached his guarantee. As plaintiff failed to set forth a prima facie case, we find
that the judgment did not provide the parties with substantial justice according to the rules and
principles of substantive law (see CCA 1804, 1807; Ross v Friedman, 269 AD2d
at 584; Williams v Roper, 269 AD2d at 126).
We note that we do not consider those documents annexed to plaintiff's brief which are
dehors the record (see Chimarios v Duhl, 152 AD2d 508 [1989]).
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for the
entry of a judgment dismissing the action.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 20, 2020